

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. N. J. Dartez, Secretary
State Board of Barber Examiners
Austin, Texas

Dear Sir:

Opinion No. O-1359
Re: Deficiency appropriation by 46th
Legislature for State Board of Barber Examiners, traveling expenses.

This will acknowledge receipt of your letter of August 28, 1939.

The following state of facts is taken from your letter:

During the year 1937, Governor Allred issued to the State Board of Barber Examiners a deficiency appropriation in the amount of $600.00 for Board members' travel expenses. In 1939, the 46th Legislature, in passing a deficiency appropriation bill, appropriated the sum of $600.00 to cover said authorization for deficiency expenditure given by the Governor. Following the passage of this deficiency bill, the Comptroller's Department has set aside from the present balance in the Barber Fund, a special fund, the sum of $600.00 to cover the deficiency appropriation. To date $302.50 of the outstanding $600.00 has been presented for payment to the Comptroller and Treasurer, and there is a balance in the Treasury of $297.50 of the amount set aside for the Comptroller to pay the deficiency.

On this state of facts, you desire the opinion of this department on the following questions:

"(1) If this Department should file claims for salaries and other expenses incurred during this fiscal year against said amount of $297.50 prior to the receipt of the balance of the deficiency claims by the Comptroller, can the Comptroller approve these claims to be paid out of this remaining balance?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"(2) Inasmuch as this obligation was in-
curred during the fiscal year 1936-37 and ap-
propriated during the year 1938-39, said appro-
priation bill not mentioning when or from what
funds it should be paid, can the balance of
this deficiency claim be paid from the revenue
received by this Department during the fiscal
year 1939-40?"

The deficiency bill of the 46th Legislature,
above referred to, appropriates "out of moneys in the
State Treasury not otherwise appropriated to pay the de-
ficiency granted by the Governor," "Barber Examiners --
Travel Expenses -- $600.00"

All fees and other receipts collected by the
State Barber Board and deposited in the State Board of
Barber Examiner's Fund, during and for the fiscal years
ending August 31, 1938, and August 31, 1939, less trans-
fers to the General Fund as provided by statute and the
appropriation bill, together with any balances on hand,
were appropriated in the Departmental Appropriation Bill
of the 45th Legislature, Regular Session, for the payment
of various expenditures for salaries and other expenses
itemized and authorized therein in the total sum of
$62,420.00 for each year of the biennium.

Your letter states that your Department has
not spent its entire appropriation for the biennium, but
has merely exhausted its cash balance.

Since the $297.50 cash balance in the State
Board of Barber Examiners Fund, set aside by the Comptro-
ller to pay the deficiency appropriation, had already
been "otherwise appropriated" by the 45th Legislature
for the payment of certain current expenses of the Depart-
ment for the biennium of 1937-39, the Comptroller should
not have set aside this $297.50 for the payment of the
deficiency appropriation, but should approve valid claims
for current expenses within the appropriation made by
the 45th Legislature during the biennium of 1937-39, to
be paid out of this remaining balance.

Answering your second question, you are advised
that, in view of consistent Legislative practice to direct
that appropriations shall be paid out of designated special
funds when intending that this shall be the manner and
method of payment, and to direct payment out of the General

Hon. N. J. Carter, Page 3.


Revenue Fund by use of the words "appropriated out of any
moneys in the State Treasury not otherwise appropriated,"
this deficiency appropriation is to be regarded as a
direction to pay out of the General Revenue Fund, and
there is no legislative authority for its payment out of
special funds.

Trusting that this sufficiently answers your
inquiry, we beg to remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *R. W. Fairchild*

R. W. Fairchild
Assistant

RWF:pbp


APPROVED SEP 13, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *[signature]*
CHAIRMAN